413 So.2d 1307 (1981)
STATE of Louisiana
v.
Gary McGINNIS.
No. 81-KA-0995.
Supreme Court of Louisiana.
November 16, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
Dwight Doskey, Chris Christofferson, of Orleans Indigent Defender Program, Thomas Ousley, New Orleans, for defendant-appellant.
*1308 KLEES, Justice ad hoc.[*]
The defendant, Gary L. McGinnis, was charged by bill of information with the April 10, 1979 attempted burglary of an inhabited dwelling belonging to one Raymond Walk, in violation of La.R.S. 14:27(62.2). On May 7, 1979, the defendant pled guilty as charged and was sentenced to one year at hard labor. The state subsequently filed a bill alleging that the defendant was a multiple offender. After a hearing, the judge found the defendant to be a fourth felony offender, and vacated the sentence originally imposed. On August 30, 1979, the defendant was sentenced to the minimum term of twenty-years at hard labor pursuant to La.R.S. 15:529.1(A)(3)(a). The defendant appeals arguing one assignment of error.
ASSIGNMENT OF ERROR NO. 1
Defense counsel argues that the court erred in allowing the use of an out of state 1976 guilty plea to prove the defendant is a multiple offender, when the record affirmatively showed that the defendant had not been adequately Boykinized before entering that plea. Defendant complains that the three specific Boykin rights were not mentioned in the colloquy between the judge and himself during the 1976 guilty plea, and a written statement of "Defendant Plea of Guilty" executed by the defendant fails to satisfy this Court's Boykin requirements because there is no mention whatsoever of his privilege against self-incrimination. Defendant therefore contends that he was neither properly advised of nor did he knowingly waive his privilege against self-incrimination.
The issue before this Court concerns the use in multiple offender proceedings of a conviction by a plea of guilty from a non-Louisiana jurisdiction. If objected to on the basis that the state did not prove that the plea of guilty was taken in compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), what is the burden of the state and, also, to what extent will technical non-compliance with Boykin requirements prevent the use of this conviction to enhance the Louisiana punishment of the defendant as a multiple offender?
In State v. Lewis, 367 So.2d 1155 (La. 1979), this Court held that a 1970 guilty plea in a Louisiana court could not be used (over objection) to enhance punishment as a multiple offender unless the minutes or transcript of the plea affirmatively disclosed that the accused had waived his right to jury trial, his right to confront his accusers, and his privilege against self-incrimination. That holding was predicated on this Court's interpretation of the mandates of federal constitutional law as expressed by the Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). State v. Holden, 375 So.2d 1372, 1373 (La.1979). However, this Court re-evaluated its interpretation of what Boykin required in light of the subsequent Supreme Court opinion of United States v. Timmreck, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).
In State v. Holden, supra at 1376, this Court overruled State v. Lewis, supra, insofar as it applied to Louisiana pleas taken on or before December 8, 1971, and non-Louisiana and Federal pleas of guilty utilized as predicate felonies in a multiple bill prosecution. Holden upheld the use of a federal conviction in a multiple offender proceeding even though the state did not affirmatively establish compliance with this Court's three-right articulated waiver rule. State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). Holden testified that he did not recall any person informing him of the consequences of pleading guilty, therefore he argued that since he was not properly Boykinized as to that guilty plea, it could not be used in the multiple offender proceedings. This Court rejected Holden's claim and ruled that the burden is on the *1309 defendant to prove he did not waive his constitutional rights in making the plea:
Accordingly, as to these convictions not governed by Jackson and [State ex rel.] LeBlanc, [v. Henderson, 261 La. 315, 259 So.2d 557] the state is required only to prove the conviction by a plea of guilty with representation by counsel. The defendant has the burden of proving that he did not waive his constitutional rights in making the plea, if the plea was taken subsequent to Boykin's requirement in this regard. Unless the colloquy at the time of the plea of guilty affirmatively shows substantial defect in this regard, the defendant will not be permitted to make any other collateral attack beyond the colloquy upon these otherwise-valid guilty pleas in the enhanced-punishment proceedings.
Since Holden merely did not recall anyone advising him of the consequences of his guilty plea, he failed to meet this burden.
In State v. Bolton, 379 So.2d 722, 723 (La.1979) this Court reiterated the holding in State v. Holden, supra, as follows:
In Holden we held that, when the state intends to use a plea of guilty as a prior conviction in order to enhance punishment under La.R.S. 15:529.1:
* * * * * *
(2) As to non-Louisiana and federal pleas of guilty:
The state may prove the conviction and its date by a certified copy of a minute entry (or an equivalent contemporaneously recorded or executed document) showing the plea and that the accused was represented by counsel. (The state must, of course, prove that the defendant in the plea and the present accused are the same person.)
The defendant has the burden of proving that the plea was involuntary or that (if taken subsequent to Boykin) he did not waive Boykin rights; he may do so in the enhancement proceedings only by the colloquy at the time of the plea of guilty, which must affirmatively show substantial defect in this regard. For any other collateral attack upon the prior plea, the defendant is relegated to any remedy he has in the court which took his plea.
(Emphasis Added)
This line of reasoning has been extended recently in State v. Halsell, 403 So.2d 688 (La.1981), wherein Chief Justice Dixon speaking for the court stated:
"As interpreted by this court, the Boykin decision requires `an express and knowing waiver of at least these three federal constitutional rights.' State ex rel. Jackson v. Henderson, supra, 260 La. at 103, 255 So.2d at 90.
If a defendant is not apprised of the basic triad of rights available to him he may be handicapped in evaluating his chances of success at trial. See State v. Martin, 382 So.2d 933 (La.1980). For this reason, the decision to plead guilty is not deemed an intelligent and understanding choice unless the defendant is informed of the rights which attach at trial. And, while an understanding of the triad of rights may be the sine que non for the acceptance of a guilty plea, it is also true that other factors may have a bearing on the validity of the plea. A mere recitation of rights does not always insure the intelligent and voluntary nature of the plea. See, e.g., State v. Galliano, 396 So.2d 1288 (La.1981); State v. Beatty, 391 So.2d 828 (La.1980).
The Boykin decision has another aspect. For evidentiary purposes, the record must contain an affirmative showing that demonstrates the understanding and voluntary nature of the plea. When the record is thus completed, the task of review is greatly facilitated, and the need for post conviction hearings is obviated. While it is preferable for the trial judge to conduct a colloquy with a defendant to ascertain the validity of the plea, such a colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea." (Emphasis added)
In the case before us, as in Halsell, no allegation is made that defendant's plea was not voluntary. His only claim is of a *1310 technical violation of the rules as enunciated by this court.
In our opinion, it is virtually nonsensical to give credit to defendant's assertion that he had not knowingly waived his privilege against self-incrimination in the 1976 Washington State proceedings. Particularly noteworthy in this regard is the colloquy conducted in connection with defendant's 1972 plea in Arizona, a colloquy which clearly reflected waiver of all his Boykin rights:
The Court: Have you discussed this plea of guilty with your attorney?
The Defendant: Yes, your Honor.
The Court: Do you know that you have a right to a speedy and public jury trial?
The Defendant: Yes, sir.
The Court: Do you know that you do not have to testify at your trial?
The Defendant: Yes, sir.
The Court: Do you know that you have the right to confront the witnesses that have made this charge against you?
The Defendant: Yes, sir.
The Court: And knowing of these rights, do you still wish to enter a plea of guilty?
The Defendant: Yes, sir.
Thus, while defendant's 1976 plea is technically deficient under this Court's decision, [See State v. Williams, 400 So.2d 868, (La. 1981), it appears quite clear that his plea was actually entered with full awareness of the rights thereby foregoing.
Here the totality of the circumstances surrounding the facts lead to the inevitable conclusion that the guilty plea complained of was in fact knowingly and intelligently made and thus distinguish this case from the cases cited above.
For the foregoing reasons, the determination that defendant is a multiple offender under La.R.S. 15:529.1 and sentence thereunder is affirmed.
AFFIRMED.
WATSON, J., dissents.
CALOGERO and DENNIS, JJ., dissent with reasons.
DENNIS, Justice, dissenting.
I respectfully dissent.
The majority's presumption from a silent record that defendant waived the important privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the states by reason of the Fourteenth is constitutionally impermissible. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
CALOGERO, Justice, dissenting.
I dissent from the majority opinion because I do not believe this Court can constitutionally supplement an otherwise incomplete record of defendant's 1976 guilty plea by looking to the record of a guilty plea entered in 1972. This Court has previously held that a Louisiana guilty plea, taken after December 8, 1971, could not be used for enhancement purposes unless "the state produce[d] a contemporaneous record of defendant's guilty plea colloquy with the trial judge which affirmatively shows the waiver of his right to jury trial, his right to confront his accusers, and his privilege against compulsory self-incrimination." State v. Williams, 384 So.2d 779 (La.1980). Although there have been some recent retractions on the necessity of that procedure for a valid guilty plea, [State v. Tucker, 405 So.2d 506 (La.1981); State ex rel. Cusher v. Blackburn, 400 So.2d 601 (La.1981) and State ex rel Warren v. Blackburn, 402 So.2d 662 (La.1981), a majority of this Court still seems to be of the view that the record of the guilty plea proceedings must evidence an advisement and knowing waiver of the right to a jury trial, the right to confront his accusers and the privilege against compulsory self-incrimination.
The record from defendant's 1976 guilty plea clearly shows that defendant was not advised of his privilege against compulsory self-incrimination, and therefore, there is no showing that he made a knowing and voluntary waiver of that right as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Simply because the defendant was advised of his privilege *1311 against compulsory self-incrimination when he pled guilty in 1972 does not indicate that the defendant made a knowing waiver of that right four years later when he pled guilty in 1976 without again being advised of it.
For the foregoing reasons I do not think that the 1976 conviction can constitutionally be used to enhance defendant's sentence now. Therefore, I dissent.

ON REHEARING
DENNIS, Justice.
When the state intends to use a non-Louisiana plea of guilty as a prior conviction in order to enhance punishment under La.R.S. 15:529.1 it may prove the conviction and its date by a certified copy of a minute entry (or an equivalent contemporaneously recorded or executed document) showing the plea and that the accused was represented by counsel. (The state must, of course, prove that the defendant in the plea and the present accused are the same person.)
The defendant has the burden of proving that the plea was involuntary or that (if taken subsequent to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)) he did not waive Boykin rights; he may do so in the enhancement proceedings only by the colloquy at the time of the plea of guilty, which must affirmatively show substantial defect in this regard. For any other collateral attack upon the prior plea, the defendant is relegated to any remedy he has in the court which took his plea. State v. Bolton, 379 So.2d 722 (La.1979); see State v. Holden, 375 So.2d 1372 (La.1979).
In the present case the defendant produced a colloquy and a guilty plea form from his plea of guilty in 1976 to two counts of grand larceny in the State of Washington. Neither the colloquy nor the guilty plea form refers to the defendant's privilege against self-incrimination. Indeed, the colloquy itself contains no explanation whatsoever of the three rights enumerated in Boykin. The trial court merely relied on defendant's assertion that he understood the explanation of his right to a jury trial and his right to confront his accusers contained in the guilty plea form. There is no indication from the record that the defendant was ever informed of his privilege against self-incrimination in the Washington proceedings which resulted in his plea of guilty. Previous decisions of this court have established that the failure of the trial court to independently determine, through a colloquy with the defendant, whether the defendant fully understands the connotation and consequences of the guilty plea is a substantial defect so that the plea cannot be used as a predicate for enhanced punishment. State v. LaFleur, 391 So.2d 445 (La.1980); State v. Lewis, 367 So.2d 1155 (La.1979).
On original hearing we affirmed the trial court's ruling allowing the state to use the 1976 Washington guilty plea at the multiple offender hearing because the defendant was informed of his privilege against self-incrimination when he pleaded guilty to attempted burglary in Arizona in 1972.
The original majority opinion was in error. Because the entering of a guilty plea "demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences," Boykin v. Alabama, 395 U.S. at 243-244, 89 S.Ct. at 1712, we have repeatedly held that a trial judge cannot rely on an assertion that the defendant's rights were explained to him out of court on a different occasion. State v. LaFleur, supra; State v. Williams, 384 So.2d 779 (La.1980); State v. Martin, 382 So.2d 933 (La.1980). Simply because the defendant was advised of his privilege against compulsory self-incrimination in a different court on a different charge in 1972 does not assure that the defendant intentionally relinquished a known constitutional right or privilege four years later in this case. To conclude otherwise would be to presume a waiver of a constitutional right by an accused from a silent record, which is clearly impermissible. Boykin v. *1312 Alabama, supra; State v. Williams, supra; State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971).
For the reasons assigned, our previous decision herein is vacated, the defendant's adjudication and sentence as a fourth felony offender within the meaning of La.R.S. 15:529.1 are set aside, and the case is remanded for proceedings not inconsistent with the views expressed herein.
REVERSED AND REMANDED.
MARCUS, J., concurs.
BLANCHE, J., concurs and assigns reasons.
WATSON, J., concurs in the result.
LEMMON, J., dissents.
BLANCHE, Justice (concurring).
Although, in this writer's opinion, the defendant's guilty plea in the State of Washington was both voluntarily and intelligently made, one of Boykin's "big three" [self incrimination] was left out of the colloquy. The defendant satisfied his burden of proof as required by State v. Holden, 375 So.2d 1372 (La.1979), and is entitled to have the sentence for his conviction as a fourth felony offender set aside.
NOTES
[*] Judge Ned E. Doucet, Jr., Court of Appeal, Third Circuit and Judges Thomas J. Kliebert, and Robert J. Klees of the Court of Appeal, Fourth Circuit participated in this decision as Associate Justices ad hoc joined by Chief Justice John A. Dixon, and Associate Justices Pascal F. Calogero, Jr., James L. Dennis and Jack C. Watson.