459 So.2d 72 (1984)
STATE of Louisiana, Appellee,
v.
Richard W. McKETHAN, Appellant.
No. 16481-KA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1984.
*73 Timothy R. Fischer and William T. Allison, Shreveport, for appellant.
Paul J. Carmouche, Dist. Atty., Carey T. Schimpf and John A. Broadwell, Asst. Dist. Attys., Shreveport, for appellee.
Before JASPER E. JONES, SEXTON and NORRIS, JJ.
NORRIS, Judge.
Defendant was arrested on two charges of distribution of marijuana, LSA-R.S. 40:966 A(1). He entered a plea bargain whereby the prosecution would drop one count in exchange for his guilty plea on the other. The validity of this guilty plea is not questioned. The district judge sentenced him to two and one half years at hard labor. The maximum sentence for this offense would have been ten years at hard labor and a fine of $15,000.
Defendant has appealed and brings two assignments of error. In the first, he contends the sentencing judge erroneously based his sentence in part on a twenty year old burglary conviction. In the second, he claims the sentencing judge erroneously denied his motion to suppress the prior burglary conviction because it resulted from a guilty plea made without representation of *74 counsel and allegedly without intelligent waiver of counsel.[1] We find no merit in either of these assignments and we therefore affirm.

ASSIGNMENT OF ERROR NO. 1
Defendant's contention is that the sentencing judge should not have considered the 1964 burglary conviction because of its age. According to defendant, but for this burglary conviction he would have received a suspended or probated sentence under LSA-C.Cr.P. art. 893.
The fatal flaw with this argument is that defendant has misinterpreted the meaning of article 893. This led him to misconstrue the sentencing intent of the judge. Article 893 says, in pertinent part:
When it appears that the best interest of the public and of the defendant will be served, the court, after conviction of a felony for which the punishment is with or without hard labor or a felony which is a violation of the Controlled Dangerous Substances Law of Louisiana, noncapital felony, may suspend for the first conviction only the imposition or execution of any sentence, where suspension is allowed under the law....
Defendant assumes that this article mandates a suspended or probated sentence for any first felony offender. This is not correct. The purpose of article 893 is to divest the sentencing judge of discretion to suspend a sentence if a defendant has a previous felony conviction. See State v. Wimberly, 414 So.2d 666 (La.1982). On the first conviction, the judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. Article 893 does not guarantee defendant suspension of sentence or probation on a first offense.
Defendant has asked this court to analogize article 893 to the Habitual Offender Statute, LSA-R.S. 15:529.1. As expressly stated therein, 15:529.1 shall not be applicable where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which a defendant has been convicted. Defendant urges us to apply the same period of limitation to convictions used for purposes of article 893. We recognize that article 893 and R.S. 15:529.1 share many characteristics and objectives. See State v. Wimberly, supra. Yet article 893 significantly omits the five-year cleansing period and we refuse to read such a provision into that article.
We think the proper analogy is to LSA-C.Cr.P. art. 894.1, which lists factors to be considered by the sentencing judge in fixing a just sentence within the usually wide limits of criminal statutes. Under this article a sentencing judge may consider any prior criminal activity of a defendant, even if that activity did not result in conviction or arrest. State v. Washington, 414 So.2d 313 (La.1982); State v. Brown, 410 So.2d 1043 (La.1982); LSA-C. Cr.P. art. 894.1 B(7). With equal force, the sentencing judge should be able to consider a conviction even though it is very old, provided the guidelines of article 894.1 are substantially followed.
We therefore find it was proper for the judge to consider the prior burglary conviction as evidence of defendant's past criminal history. In his oral reasons he adequately justified both the sentence imposed and the denial of probation. The factors he mentioned apply equally to determination of the public's and the defendant's best interest, under article 893, as they do to the appropriateness of the sentence, under article 894.1. Furthermore, *75 we will not set aside a sentence in the absence of abuse of the sentencing judge's wide discretion. See State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App.2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App.2d Cir. 1983), writ denied 439 So.2d 1074 (La.1983).
The judge noted that defendant's present criminal acts were neither provoked nor justified and that defendant was apparently engaged in drug sales as a wilful commercial enterprise. He had been arrested on two counts. At the age of forty-seven, he is old enough to grasp the seriousness of his offense and to understand the dangers spawned by drug trafficking. Defendant had a "significant" history of misdemeanor offenses[2] and the judge considered him likely to return to criminal ways without correctional treatment. Finally, there was the burglary conviction, which was many years ago.
The judge also noted a number of mitigating factors. Defendant had pled guilty, thereby showing some penitence for his conduct, and he had been regular in his child support payments for some time. While out on bail, he was seriously injured in an automobile accident which left him permanently disabled and would make it very difficult for him to serve time at hard labor. All these factors encouraged the sentencing judge to place defendant's sentence in the lower end of the scale of his potential exposure.
We reiterate that LSA-C.Cr.P. art. 893 does not automatically entitle a first offender to suspension or probation. It does give the sentencing judge wide discretion to consider any factors that may bear upon the public's and the defendant's best interest. We conclude the sentencing judge properly considered the earlier burglary conviction for that purpose. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
In this assignment, defendant claims the trial judge erred by failing to suppress the burglary conviction on grounds that it was constitutionally infirm. His theory is that a conviction based on an invalid guilty plea should not count as a conviction and should not, consequently, deprive him of possible probation or suspension under LSA-C.Cr.P. art. 893.
Defendant has mentioned, without elaboration, the case of Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), and its progeny. Johnson holds that a conviction against a defendant who did not effectively waive his constitutional right to assistance of counsel is null and void. Defendant's argument is that his earlier conviction should have been suppressed by the sentencing judge for the same reasons that led the U.S. Supreme Court to declare the conviction null in Johnson. Defendant has also mentioned some degree of coercion in his 1964 guilty plea.
Recent jurisprudence, however, imposes on the defendant the burden of proving that his earlier guilty plea is invalid when, as here, he attacks the plea collaterally, the plea was entered before December 8, 1971, and the transcript of the arraignment is regular on its face. See State v. Holden, 375 So.2d 1372 (La.1979) and State v. Roland, 379 So.2d 721 (La.1979). Thus it was defendant's burden to prove that his 1964 guilty plea was either involuntary or unknowing. State v. McGinnis, 413 So.2d 1307 (La.1981). Defendant did not meet this burden; he merely alleged that he was unrepresented at the time, while the colloquy at arraignment clearly shows that the judge informed him three times of his entitlement to appointed counsel and that defendant expressly waived that right. Furthermore, defendant has admitted not only that he was guilty of the *76 burglary but that he had previously negotiated a guilty plea in federal court and thus was he fully aware of his constitutional right to counsel. Defendant has also failed to prove the degree of coercion and threats that would entitle him to reversal under Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). Under these circumstances, we can find no constitutional infirmity such as defendant complains of. The lower court correctly refused to suppress the burglary conviction.
Even had it been error not to suppress the burglary conviction, we find the sentencing judge placed very little emphasis on it, thus bringing the failure to suppress into the purview of the harmless error rule. LSA-C.Cr.P. art. 921. Although the sentencing judge mentioned the conviction several times, he summarized its influence on him as follows:
Additionally, we would note that the defendant is not eligible for a suspended sentence, by virtue of the fact that the burglary conviction about which the Court just discussed and ruled, makes him ineligible for a suspended sentence. Even if he was, we are not satisfied that he could respond affirmatively to probationary treatment, because of his past history. R.p. 55
[Emphasis added.]
Thus, the judge admitted the burglary conviction and considered it in imposing sentence, but the amount of weight he placed on it was so small that his result would not have been different otherwise. Whether or not his refusal to suppress the conviction was erroneous, defendant's substantive rights were not affected and there is no grounds for reversal. LSA-C.Cr.P. art. 921.
Furthermore, for reasons expressed in our discussion of the first assignment of error, the trial judge had the discretion to impose a sentence of imprisonment for even a first offense. Suppression of the burglary conviction would not have guaranteed defendant a suspension of sentence or probation. State v. Wimberly, supra. Nor would suppression of the burglary conviction have resulted in a different sentence in the instant case. Defendant's second assignment of error is without merit.
Accordingly, defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Before he was sentenced, defendant successfully suppressed a 1959 federal felony conviction under the Dyer Act, 18 U.S.C. § 2312. The sentencing judge's rationale for suppressing this felony conviction was that the particular conduct proscribed under the Dyer Act would have translated into only a misdemeanor under Louisiana law, LSA-R.S. 14:68, unauthorized use of a movable. For reasons expressed in this opinion, we think the Dyer Act conviction would have been admissible as evidence of criminal conduct under LSA-C.Cr.P. arts. 894.1 and 893.
[2] Defendant's record of Louisiana misdemeanor convictions includes two of peeping tom and one each of theft of gasoline, selling intoxicants, obscenity and vagrancy. Defendant also has a number of misdemeanor arrests in Louisiana and in Columbus, Ohio, Dallas, Del Rio, and Big Spring, Texas for which no dispositions are shown. We agree with the sentencing judge's assessment of this misdemeanor record.