PER CURIAM.
The defendant, Charles Smith, Sr., age 35, was originally charged with 2 counts of issuing worthless checks in a felony amount and jumping bail. Pursuant to plea negotiations between the defendant and the State of Louisiana, the defendant pled guilty to one count of theft in an amount in excess of $500.00. The maximum penalty for theft over $500.00 is 10 years at hard labor and a fine of $8,000.00, or both.
Subsequent to being sentenced to three years at hard labor, the defendant has appealed contending that the trial court failed to properly consider the defendant’s first felony offender status, his education, his history as a successful businessman, and the hardship which would be visited on the defendant’s wife and three minor children as a result of this sentence. Finding no failure to properly weigh mitigating factors, and further finding no imposition of an excessive sentence, the defendant’s sentence is affirmed.
A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied 435 So.2d 433 (La.1983). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Nelson, 449 So.2d 161 (La.App. 4th Cir.1984); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied 439 So.2d 1074 (La.1983).
In selecting a proper sentence, a trial judge is not limited to considering only a defendant’s prior convictions and may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied 452 So.2d 695 (La.1984). In cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the gener *544 al rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. State v. Richardson, 446 So.2d 820 (La.App. 2d Cir. 1984).
A trial court is not required to render a suspended sentence or probation on a first felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La. App. 2d Cir.1984); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied 435 So.2d 438 (La.1983). A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985).
The defendant was a businessman engaged in the bail bond business. When the defendant experienced business reversals, he began to “kite” checks, that is, to deposit a check from one banking institution drawn on his own account there into an account he maintained with another institution. He would then withdraw funds from the account which the check was drawn upon before the second institution had become aware, through the negotiation of the check, that funds were not available at the first bank to honor the check which had been presented. Through the “kiting” of a large number of checks, the defendant victimized several banking institutions in the Monroe area in the amount of almost $15,-000.00. Other charges stemming from similar activities by the defendant are apparently pending in parishes bordering Ouachi-ta Parish. The defendant's justification for these offenses was that when his business soured, he could not adapt to his declining fortunes and “kited” these checks to maintain his lifestyle.
Defense counsel asserts that the trial court did not properly weigh defendant’s education (two years of college), his prior success as a businessman, his first offender status, and the hardship on his family. To the contrary, the trial court weighed the defendant’s education, intelligence and business success against him as aggravating factors. The trial court indicated that because of the defendant’s intelligence, the trial court could only conclude that the defendant knew exactly what he was doing when he engaged in the course of conduct which led to this conviction.
While the trial court noted defendant’s status as a first felony offender, the court also noted that the defendant had previously been convicted of issuing worthless checks in a misdemeanor amount on at least two occasions and indicated a concern that the defendant would not respond affirmatively to probation. Moreover, the trial court noted the extensive financial loss and the fact that the sum could not likely be repaid. In the final analysis, the trial court determined that any lesser sentence would deprecate the seriousness of the offense.
The trial court’s conclusions are well-reasoned and articulated. It is clear the trial court considered all of the factors present in the case in imposing the instant sentence. We find no abuse of discretion therein and affirm the defendant’s sentence.
AFFIRMED.