FRED W. JONES, Jr., Judge.
Defendant Cosby was charged with one count of possession of cocaine with intent to distribute. A jury found him guilty as charged. The trial court sentenced defendant to ten years at hard labor. Defendant appealed, urging the evidence was insufficient to sustain the finding of guilt and that the sentence is excessive. We find no merit to these assignments and affirm the conviction and sentence.
In May, 1989 Officer Giles of the Minden police department was on routine patrol. He saw a car go through an intersection without stopping for a traffic light. Officer Giles pursued the car. When the car stopped, Giles saw “a lot of moving around inside the vehicle in the front and in the rear.” A man jumped out from the back seat and fled. Defendant got out of the car from the front passenger side. He dropped a cigarette package and a match box. Officer Giles examined the inside of the box and saw it had a coating of white powder which later analysis confirmed as cocaine. A second officer reached inside the rear of the passenger compartment and removed a small bottle from behind the driver’s seat. The bottle contained 34 rocks of crack cocaine. Defendant was advised of his Miranda rights. He told the officers they “had the wrong one” and that “he was not the big boy, that Gary Chisholm was the big boy and that he just had a little stuff to sell for Chisholm.” Defendant was found guilty as charged. His motion for new trial, based on insufficiency of the evidence, was denied.
The first assignment of error is that the trial court erred in finding that defendant possessed cocaine with intent to distribute. Defendant argues there was no showing that the cocaine residue in the matchbox could be distributed and there was no showing that he possessed the bottle containing the 34 rocks of cocaine or that he intended to distribute it.
The standard of appellate review on a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier-of-fact could have found the elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
To support the convictions the state had to prove that defendant possessed cocaine and that he intended to distribute it. One need not actually possess a substance to violate the prohibition against possession. A person may be in constructive possession of a drug if it is subject to his dominion and control. State v. Tyler, 544 So.2d 495 (La.App. 2d Cir.1989). Although intent is a question of fact, it need not be proven as a fact; it may be inferred from the circumstances of the transaction. State v. Mims, 330 So.2d 905 (La.1976).
The evidence reviewed in the light most favorable to the prosecution shows defendant had constructive possession of the 34 rocks of cocaine and that he had the specific intent to distribute it. While the police officer approached the suspect car he saw the occupants moving around in the front and rear. This indicates a joint effort to conceal the contraband which was found behind the driver’s seat. Defendant possessed and tried to dispose of a match box which contained no matches, but it did con *179 tain cocaine residue. Defendant admitted he had “a little stuff to sell.” The quantity of cocaine, 34 rocks, in conjunction with the factors above, was such to show intent to distribute. This assignment is without merit.
In the second assignment of error, defendant complains that his sentence to 10 years at hard labor, although 20 years less than the maximum imposable, was excessive. He urges that the sentence could have been suspended.
While the trial court need not articulate every aggravating and mitigating circumstance outlined in La.C.Cr.P. Art. 894.-1, the record must reflect that the court adequately considered those guidelines in particularizing the sentence to the defendant. State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied, 438 So.2d 1112 (La.1983).
Important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and likelihood of rehabilitation. State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
The sentencing court is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing court. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied, 439 So.2d 1074 (La.1983).
A trial court is not required to render a suspended sentence or probation on a first felony offense, but may consider whatever factors and evidence are deemed important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984).
In imposing sentence on this 22 year-old defendant, the trial court said it had carefully reviewed the presentence investigation report. The court meticulously reviewed defendant’s personal background and noted that he was single, had no military record, and had attended Grambling State University but had dropped out of school. The court reviewed defendant’s brief work history and noted that at the time of sentencing he was unemployed.
The court also reviewed defendant’s criminal record and noted that although he was classified as a first felony offender, he had a significant juvenile record and had admitted to prior drug use. The court found no grounds to excuse or justify defendant’s criminal conduct.
Based upon the circumstances of the case, particularly the defendant’s admission that he was selling drugs and his admission to prior use of drugs, the court concluded that defendant’s conduct was the result of circumstances likely to recur and that he was in need of correctional treatment which could most effectively be provided by commitment to an institution. The court found that a lesser sentence would deprecate the seriousness of the crime.
The trial court adequately complied with La.C.Cr.P. Art. 894.1. The record supports the trial court’s evaluation of the aggravating and mitigating factors. The trial court did not abuse its discretion in imposing the 10 year hard labor sentence. The sentence is not excessive. This assignment is without merit.
[10] Finally, defendant assigned all errors patent. We note that the written judgment incorrectly describes the offense charged as possession of cocaine. The bill of information and the court minutes correctly show defendant was charged with and convicted of possession of cocaine with intent to distribute. Where there is a conflict in the record, the minutes of court prevail. State v. Elfert, 247 La. 1047, 175 So.2d 826 (1965). We find no error patent.
For the foregoing reasons, the conviction and sentence are AFFIRMED.