574 So.2d 473 (1991)
STATE of Louisiana, Appellee,
v.
Deaudry ROQUEMORE, Appellant.
No. 22160-KA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1991.
*474 Daryl Gold, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Catherine M. Estopinal, Asst. Dist. Atty., Shreveport, for appellee.
Before MARVIN and HIGHTOWER, JJ., and PRICE, J. Pro Tem.
HIGHTOWER, Judge.
Defendant, Deaudry Roquemore, charged with simple burglary of an inhabited dwelling, was responsively convicted by a jury of unauthorized entry of an inhabited dwelling, LSA-R.S. 14:62.3. After being adjudged an habitual felony offender, he received a sentence of 20 years at hard labor.
On appeal, defendant presents four assignments of error. For the reasons expressed herein, we affirm the conviction and sentence.

FACTS
During the afternoon of February 14, 1988, Officer Skaggs of the Shreveport Police Department assisted with an investigation into the stabbing of Edward Williams. That evening, intending to return the victim's driver's license, which had facilitated identification, the officer went to the residence of Mr. Williams.
Receiving no answer at the front door, the officer walked toward the rear of the house where a light emanated. Approaching that area, he observed two males, later identified as defendant and Michael T. Youngblood, carrying electronic equipment from the dwelling. When the officer ordered the pair to stop, both men ran in different directions after dropping the items in their possession. Officer Skaggs chased defendant, who had previously been carrying a television set and a VCR. Upon being overtaken at the top of an embankment, defendant hit the policeman in the chest, knocking him down.
Getting back on his feet and continuing, Officer Skaggs soon caught defendant when a wire between two buildings felled him. After subduing defendant in a struggle, the officer applied handcuffs and began returning the suspect to the crime scene. In another effort to escape, however, defendant dived over a hedge. The policeman, steadfastly holding onto the manacles, likewise plunged forward with his arrestee. After calling for assistance, the officer finally regained control of defendant, who in the interim had removed a pair of green gloves being worn earlier. Other officers later arrested Youngblood.
At trial of the case, Mr. Williams testified that, before seeking hospital treatment for his stab wound, he secured his home and gave no one permission to enter or remove any of his belongings. Officer Skaggs related his observations and the events surrounding the arrest of defendant. *475 He also described returning to inspect the back door of the Williams residence and finding that it had been forcibly opened.
Youngblood, after pleading guilty to simple burglary of an inhabited dwelling and being sentenced, testified on behalf of defendant. He stated that he alone planned the crime and then enlisted defendant's assistance by misinforming him that Mr. Williams wanted the equipment removed to avert it being stolen from the home. His testimony, however, proved to be less than unequivocal. Initially he asserted that defendant had not been present when he, the witness, used force to gain entry into the residence. Later, after being confronted with a transcript of his guilty plea, Youngblood admitted, "Mr. Roquemore was with me when I broke into the house."
Faced with Youngblood's explanation and the officer's description of defendant's behavior upon being commanded to stop at the scene, the jury returned a responsive verdict of unauthorized entry of an inhabited dwelling.

ASSIGNMENTS OF ERROR NOS. 1, 2 and 3
By his first three assignments of error, defendant challenges the sufficiency of the evidence to sustain his conviction.
In assessing sufficiency of evidence, an appellate court in Louisiana determines whether, upon viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found all elements of the crime had been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La. 1984); State v. Chism, 436 So.2d 464 (La.1983); State v. Lard, 568 So.2d 629 (La.App. 2d Cir. 1990). This standard is applicable in cases involving both direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La.1983); State v. Willis, 446 So.2d 795 (La.App. 2d Cir.1984).
The unauthorized entry of an inhabited dwelling is the intentional entry by an individual without authorization into a dwelling or structure belonging to another and used as a home. LSA-R.S. 14:62.3.
Mr. Williams denied giving anyone permission to enter his home or remove any of his property. Youngblood admitted not having authority to enter the house, but denied ever advising defendant of this fact. Nonetheless, upon being ordered to stop by a police officer, defendant fled after discarding the electronic equipment he was carrying. He also forcefully resisted efforts to secure his custody.
Flight and an attempt to avoid apprehension can indicate consciousness of guilt and, therefore, are circumstances from which the jury may infer guilt. State v. Fuller, 418 So.2d 591 (La.1982); State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988); State v. Sampson, 480 So.2d 952 (La.App. 2d Cir.1985).
It is not the function of appellate courts to reevaluate credibility of witnesses and then proceed to overturn factual determinations of guilt. LSA-Const. Art. 5, § 5(C) (1974); State v. Richardson, 425 So.2d 1228 (La.1983); State v. Baker, 552 So.2d 617 (La.App. 2d Cir.1989), writ denied, 559 So.2d 136 (La. 1990). In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the fact-trier, is sufficient support for the requisite factual conclusion. State v. Shepherd, 566 So.2d 1127 (La.App. 2d Cir.1990); State v. Emerick, 499 So.2d 195 (La.App. 2d Cir. 1986); State v. Garlepied, 454 So.2d 1147 (La.App. 4th Cir.1984), writ denied, 462 So.2d 189 (La.1984).
Certainly, a rational trier of fact, upon viewing the evidence in the light most favorable to the prosecution, could find the defendant guilty beyond a reasonable doubt, and that every reasonable hypothesis of innocence had been excluded. The revelations by Youngblood, a convicted co-participant, ranked as highly suspect, especially in light of his statements at his previous guilty plea hearing. Conversely, the police officer's testimony, that he found both participants taking video and stereo equipment from the victim's residence, that *476 forced entry had been made, that both individuals ran when confronted, that defendant repeatedly resisted arrest, and that he attempted to discard the gloves being worn, provided strong evidence of defendant's guilt. Moreover, notwithstanding whether defendant actually entered the residence, he could be classified as a principal to the crime. LSA-R.S. 14:24. Where the trier of fact has made a rational determination, an appellate court should not disturb it. State v. Mussall, 523 So.2d 1305 (La.1988). Accordingly, these assignments lack merit.

ASSIGNMENT OF ERROR NO. 4
By his final assignment of error, defendant contests his adjudication as an habitual felony offender, arguing first that the evidence of his out-of-state convictions did not comply with State v. McGinnis, 413 So.2d 1307 (La.1981).
In multiple offender proceedings, to use a non-Louisiana plea conviction, the state must only prove that the guilty plea occurred with representation by counsel. State v. Smith, 415 So.2d 930 (La. 1982); State v. Holden, 375 So.2d 1372 (La. 1979). Such proof may be produced through a certified copy of a minute entry, or an equivalent contemporaneously recorded or executed document. State v. McGinnis, supra.
As evidence of three of the predicate convictions, the state submitted certified abstracts of judgments rendered in California cases. One reveals defendant pled guilty to second degree robbery on March 12, 1975, when represented by public defender Gaile O'Connor. Another exhibit, a Corrected Abstract of Judgment, discloses that defendant, on March 23, 1978, with J. Watt present as his counsel, entered a plea of guilty to two other robberies. Although not prepared until May 1, 1978, the latter document bears the certificate of the deputy clerk of court as being a true and correct abstract of the judgment entered in the proceedings and filed in the record.
Section 1213 of the California Penal Code[1] provides that, when a judgment of imprisonment in a state prison has been pronounced, either a certified copy of the minute order or an abstract of the judgment shall be forthwith furnished to the officer who has the duty to execute the judgment, and that no other authority to justify its execution is necessary. Thus, the documents presented, certified in each instance under the seal of the clerk of court as being a correct abstract of the judgment entered in the action, are equivalent to certified copies of minute entries. They reliably establish defendant's convictions by guilty pleas, the dates thereof, and his representation by counsel. Accordingly, the lower court committed no error in accepting these documents as proof of the three California convictions.
Defendant next correctly asserts that only those convictions for which less than five years have elapsed, between the expiration of the maximum sentence and the commission of the present felony, may be used for enhancement purposes under the Habitual Offender Law. See LSA-R.S. 15:529.1(C). Of course, any term of incarceration in a penal institution, within or without the state, shall not be included in computing any such five-year period. Id. Furthermore, with respect to a prior felony conviction, the date of discharge from parole is equated with the "expiration of the maximum sentence." State v. Vincent, 387 So.2d 1097 (La. 1980); State v. Baker, 452 So.2d 737 (La.App. 1st Cir.1984).
The present record reflects that defendant was paroled on October 27, 1977, after being sentenced to ten years for the 1975 second degree robbery conviction. Although discharged from parole on April 24, 1978, he had reentered prison ten days earlier to serve time for the two robbery offenses to which he pled guilty on March 23, 1978. Subsequently paroled on March 8, 1982, he returned to prison to serve time for assault with a deadly weapon on December 13, 1982, the same date he was discharged from parole for the two robbery *477 convictions. Not paroled for this latter crime until 1986, defendant had not enjoyed a total of five unparoled years out of prison, following the three predicate convictions and before the instant offense. Hence, the five-year cleansing period of LSA-R.S. 15:529.1(c) had not elapsed, and the lower court did not err in considering the California judgments.
In further complaining of his adjudication as a recidivist, defendant finally challenges the court's utilization of a Caddo Parish guilty plea to an attempted unauthorized entry of an inhabited dwelling committed on July 21, 1988. This crime, occurring after the commission of the principal offense, cannot be employed for enhancement purposes in the proceedings sub judice. See State v. Mallett, 552 So.2d 28 (La.App. 3d Cir. 1989). In point of fact, after initially mentioning the conviction in discussing the possibility of a fifth felony offender classification, the sentencing judge later apparently rejected its availability. Instead, he found defendant to be a fourth felony offender subject to a mandatory sentence of no less than twenty years under LSA-R.S. 15:529.1(A)(3).
This assignment of error lacks merit.

CONCLUSION
For the reasons assigned, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] West's Ann.Cal.Penal Code § 1213.