h GASKINS, Judge.
The defendant, Connie L. Powell, a.k.a. Connie Clark, entered a guilty plea to two counts of simple burglary. She was sentenced to serve three years at hard labor on the first count and nine years at hard labor on the second count, with the sentences to be served concurrently. She appeals the sentences as excessive. We affirm.
FACTS
On June 12, 1999, the defendant committed simple burglary by breaking into a vacant apartment and stealing a refrigerator and a stove. On June 15, 1999, the defendant again committed simple burglary, breaking into an unoccupied house. The back door was damaged and the defendant took property valued at approximately $2,750.00. Some of the property was later recovered from a local merchant who stated that he purchased the items from the defendant. The defendant confessed to committing the burglaries and *93 was charged with two counts of simple burglary.
In exchange for the defendant’s plea of guilty on both counts, the state agreed to dismiss charges of illegal possession of stolen things and simple burglary in two cases unrelated to the case sub judice. On July 24, 2000, the defendant entered the guilty plea. A presentence investigation (PSI) report was ordered and the defendant appeared before the court for sentencing on September 18, 2000. On the first count of simple burglary, the trial court ordered her to serve three years at hard labor; on the second count, the defendant was ordered to serve nine years at hard labor, with the sentences to be served concurrently. The trial court denied the defendant’s motion to reconsider the sentences. The defendant appealed her sentences as excessive.
| ¿LEGAL PRINCIPLES
The test imposed by the reviewing court in determining the excessiveness of sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. Then, the reviewing court must consider whether a sentence is too severe given the circumstances of the case and the background of the defendant. State v. Reese, 34,275 (La.App. 2d Cir.12/20/00), 774 So.2d 1164.
A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, the court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion and a reviewing court may not set sentences aside absent a manifest abuse of discretion. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
A trial court is not required to render a suspended sentence or probation on a first felony offense. See State v. McKethan, 459 So.2d 72 (LaApp. 2d Cir.1984); State v. Tully, 430 So.2d 124 (La. App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983).
DISCUSSION
The defendant argues that because she was a first felony offender, she should have gotten a lesser sentence. She also argues that the trial court failed to give consideration to a letter, purportedly written by her husband, |3which stated that the defendant had a mental disability for which she was receiving social security benefits. These arguments are without merit.
In sentencing the defendant, the court noted that she was 35 years old. She committed two separate burglaries, one of an apartment and the other of a house. In the burglary of the house, the occupant had recently died and numerous items taken by the defendant had great sentimental value to the family.
The court noted that the defendant had a significant misdemeanor criminal record. Two petitions had been filed against the defendant in juvenile court and her probation was revoked. She had adult convictions for shoplifting, receiving stolen things, and simple battery as well as numerous traffic offenses. She had two convictions for criminal mischief. Also, the defendant did not cooperate with the preparation of the PSI report. There is no corroboration in the record that she is mentally disabled.
According to the court, a probated sentence was not justified under the circumstances of the case. The court found that the defendant was in need of correctional *94 treatment and stated that, if given a probated sentence, there was a high probability that she would commit another offense. These factors, outlined in the record, show adequate compliance with the sentencing considerations set forth in La.C.Cr.P. art. 894.1.
Further, we do not find that the sentence imposed was excessive. Under La. R.S. 14:62, the maximum period of incarceration that may be imposed for simple burglary is 12 years at hard labor. In this case, the defendant, who has not led a law-abiding life, was given a lower range sentence for the apartment burglary and two-thirds of the maximum | ¿possible sentence for the house burglary. In addition, although these offenses were not related, the trial court chose to impose concurrent, rather than consecutive sentences.
In light of the defendant’s past criminal history, including failure to successfully complete probation as a juvenile, the value of the property taken in the burglaries, and the audacity of the defendant in stealing belongings from the home of a person recently deceased, we do not find that the trial court imposed excessive sentences in this case.
There is no showing of a manifest abuse of the trial court’s sentencing discretion. The sentence is tailored to the offender and the offense and does not shock our sense of justice or constitute a needless or purposeless imposition of pain and suffering. Therefore, the sentences are not excessive and are affirmed.
CONCLUSION
For the reasons stated above, we affirm the sentences of the defendant, Connie L. Powell a.k.a. Connie Clark.
AFFIRMED.