hPER CURIAM.
The defendant, Eric J. Wilson, entered a plea of guilty to one count of distribution of marijuana and two counts of possession of cocaine. He was ordered to serve five years at hard labor on each count, with the sentences to be served concurrently. He *941 now appeals the sentences as excessive. We affirm the convictions and sentences.
FACTS
On May 3, 2000, the defendant sold two rocks of crack cocaine and $20 worth of marijuana to an undercover agent in Lo-gansport. The crime lab later positively determined that the substances were cocaine and marijuana.
The defendant was originally charged by bill of information with one count of distribution of marijuana and two counts of distribution of cocaine. Pursuant to a plea bargain agreement, on January 8, 2001, the defendant pled guilty to one count of distribution of marijuana and two counts of possession of cocaine. The state also agreed that any sentences imposed would be served concurrently. On May 3, 2001, the court sentenced the defendant to serve five years at hard labor on each of the three counts and ordered that the sentences be served concurrently. The defendant filed a motion to reconsider the sentence which was denied by the trial court. The defendant appealed.
DISCUSSION
The defendant claims that his sentences are unduly harsh and excessive. We find this argument to be without merit.
| ¡¡The test imposed by a reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Our examination of the record indicates the trial court adequately stated its reasons for sentence.
Next, the court must consider whether the sentence imposed is too severe. This determination depends upon the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court is not required to render a suspended sentence or probation on a first felony offense. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984).
13A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1988); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
The court ordered a presentence investigation (PSI) which it relied upon in formulating the defendant’s penalty. The court noted that the defendant was 23 years old, had completed the 11th grade and worked at a food processing plant. He had no juvenile record, but had a record of arrests as an adult, beginning in 1994. The arrests included simple battery, illegal possession of stolen things, simple burglary of an inhabited dwelling, accessory after the fact, and principle to simple criminal damage to property. The defendant also had a *942 number of pending traffic offenses, including speeding, no driver’s license, driving under suspension, obstruction of view, and he had an active bench warrant for a traffic citation. The defendant claimed to have a brain aneurysm as a result of his drug use, but no medical corroboration of this condition was furnished to the court. The court observed that the defendant gained a substantial reduction in his sentencing exposure pursuant to his plea bargain agreement. The court found that there was an undue risk that, during probation the defendant would commit another serious offense, found the defendant to be in need of correctional treatment in a custodial environment provided by commitment to an institution, and found that any lesser sentence would deprecate the seriousness of the offenses.
|4On this record, we do not find constitutional error. The defendant, a person of mature years, received a substantial reduction in sentencing exposure through his plea bargain. He consciously chose to distribute two different controlled dangerous substances. The sentence imposed on the charge of distribution of marijuana is the statutory minimum. The sentences imposed are neither grossly disproportionate to the severity of the offenses nor are they shocking to our sense of justice. There is no showing of an abuse of the district court’s discretion in the imposition of these concurrent sentences which are not excessive.
No error patent was noted.
CONCLUSION
For the reasons stated above, we affirm the convictions and sentences of the defendant, Eric J. Wilson.
AFFIRMED.