604 So.2d 189 (1992)
STATE of Louisiana, Appellee,
v.
Eddie Wayne COX and Patricia Cox aka Patricia Clark, Appellants.
No. 23998-KA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1992.
*191 Kitchens, Benton, Kitchens & Warren by Graydon K. Kitchens, III, Minden, for Eddie Wayne Cox.
Indigent Defender Bd. by William Rick Warren, for Patricia Cox.
Richard P. Ieyoub, Atty. Gen., James M. Bullers, Dist. Atty., Charles E. McConnell, Asst. Dist. Atty., for the State.
Before VICTORY, BROWN and STEWART, JJ.
STEWART, Judge.
Defendants, Eddie and Patricia Cox (husband and wife), were charged by bill of information with burglary of an inhabited dwelling, in violation of LSA-R.S. 14:62.2. Eddie and Patricia Cox pled guilty to simple burglary, in violation of LSA-R.S. 14:62, pursuant to a plea agreement. Eddie was sentenced to nine years at hard labor and Patricia was sentenced to six years at hard labor. They both appeal their respective sentences as unconstitutionally excessive. Finding no merit to their claims, we affirm.

FACTS
Betty Mae Holloway, the former sister-in-law of Patricia Cox, lived in Sarepta, Louisiana with her husband, James Holloway. Mrs. Holloway had received a refund of $13,000 to $15,000 in cash which was paid in advance for her mother's health care. Although no one in Sarepta knew about the refund money, Patricia Cox was aware of it. Mrs. Holloway's mother had died in Warren, Arkansas where Patricia and Eddie Cox lived a few days before the crime.
On the day of the funeral, Patricia convinced Eddie and Bruce Tucker, a friend, to drive to Sarepta, enter the Holloway home, and take the money. They expected the Holloway home to be unoccupied. Patricia, Eddie, and Bruce drove to Sarepta. Patricia dropped off Eddie and Bruce at the Holloway house while she parked a few blocks from the house and waited for their return with the money.
Eddie disconnected the Holloway telephone line at approximately 9:30 p.m., removed a screen, and forced the window open. He then entered into the utility room. Eddie then attempted to open the door that led into the kitchen but his attempt was thwarted by a night latch.
At the same time, Betty Holloway was preparing to clean her den when she passed by the door leading from the kitchen to the utility room. She noticed the door to the utility room ajar. She investigated further and found that the outside door and screen door to the utility room were open. She told her husband about the opened doors and learned he had locked them earlier. The Holloways returned to the utility room and saw that a window had been forced open and the screen had been removed. Mr. Holloway got his gun and went outside to investigate further. Mrs. Holloway went outside also and yelled for help. Eddie and Bruce were apparently scared off by her yells and immediately left the scene. The police were called by neighbors.
Deputy Billy Allen, Jr. responded to the call and, while en route, he saw two men walking near the railroad tracks. These men matched the description of Eddie and Bruce. Patricia picked up Bruce but was unable to find Eddie so she and Bruce drove back to Arkansas. The next day, Patricia returned to Louisiana, found Eddie, and then they went back to Arkansas.
Patricia Cox, Eddie Cox, and Bruce Tucker[1] were subsequently arrested in Arkansas for burglary of an inhabited dwelling and waived extradition to Louisiana. Eddie and Patricia Cox pled guilty to simple burglary pursuant to a plea agreement. During *192 the guilty plea colloquy, Patricia claimed that she only wanted to scare Betty Holloway as a result of a long time disagreement, however, Bruce stated in his confession that the trip to Sarepta was "to get some money." Eddie admitted during his guilty plea that he cut the telephone line to avoid getting caught and that "we thought about taking something there." Eddie Cox was sentenced to nine years at hard labor and received credit for time served. Patricia Cox was sentenced to serve six years at hard labor. This appeal ensued.

DISCUSSION
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Mims, 550 So.2d 760 (La. App.2d Cir.1989); State v. Hudgins, 519 So.2d 400 (La.App.2d Cir.1988), writ denied, 521 So.2d 1143 (1988).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1 § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La. App.2d Cir.1989). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, supra; State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988).
A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987); State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985).
For sentencing purposes, a trial court may properly consider a defendant's attitude and criminal propensities. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.), writ denied, 452 So.2d 695 (La.1984).

EDDIE COX
Defendant, Eddie Cox, does not challenge the district court's articulation of reasons for sentence. The court indicated that the victims were both disabled. Betty Holloway was age 57 and James Holloway, age 62. When asked by the court how he expected to get away with the burglary since the victims knew him, Eddie said he expected them to be away from home and at church. The court concluded that Eddie's disconnection of the telephone lines was indicative of an intent by him to harm or kill the Holloways. The district court believed that if defendant really had only intended to scare the Holloways, when defendant saw they were home he would have left, rather than risk a parole violation. The court concluded that defendant intended to take the money and kill the victims. The evidence clearly supports a finding that defendant was in the process of burglarizing a house which he knew to *193 be inhabited by persons who knew and could identify him.
The pre-sentence investigation report (PSI) indicated that Eddie Cox was 25 years old at the time of sentencing. The trial court stated that, although Patricia was the "ring leader," Eddie had a prior criminal record and was not a youthful offender. The trial court noted that Eddie was on parole at the time of the instant offense and that he had a conviction for arson which occurred when he tried to set his jail cell mattress on fire while he was serving concurrent ten-year sentences for burglary and theft. The PSI revealed further that Eddie was in frequent fights while in high school and defiant of authority. Eddie conceded at the sentencing hearing that he had been convicted of two burglaries and that he used LSD, cocaine, marijuana, and methamphetamines. The trial court concluded that Eddie Cox was in need of a custodial environment and correctional treatment which could be best afforded by commitment to an institution. The court also concluded that any lesser sentence would deprecate the seriousness of the crime.
Our review of the record indicates that the trial court complied with LSA-C.Cr.P. Art. 894.1 and the sentence imposed is not constitutionally excessive. Eddie Cox was on parole at the time of the commission of the instant offense. Moreover, he significantly benefited from the plea agreement. The maximum punishment for simple burglary is imprisonment with or without hard labor for not more that twelve years and a fine not to exceed $2,000. Eddie Cox was sentenced to nine years at hard labor without the $2,000 fine.
Eddie avoided being adjudicated as a multiple offender. As a third felony offender, he would have faced a sentence of no less than six years and no more than 24 years, LSA-R.S. 15:529.1(A)(2)(a). Considering his criminal history of burglary offenses, the calculated manner in which he broke into the home of disabled people in this burglary and the benefit he received from the plea bargain, this sentence is neither constitutionally excessive nor an abuse of the district court's broad discretion. Accordingly, the assignment of error is without merit.

PATRICIA COX
Defendant, Patricia Cox, also does not challenge the trial court's articulation of reasons for sentencing. She argues that as a first felony offender with health problems and minor children, the sentence of six years hard labor is excessive. She also argues that under the new sentencing guidelines, effective less than one month after her sentence, she would have received a suspended sentence.[2]
The PSI on Patricia Cox provides a detailed social history regarding Patricia Cox's family, education, and employment. The PSI indicates that Patricia Cox is 41 years old with no juvenile record and a first felony offender. She has two minor children from a previous marriage. She is in bad health, suffering from gallstones, colitis, scoliosis, 85 percent hearing loss in the right ear and 95 percent hearing loss in the left ear, and ulcers.
In sentencing Patricia Cox, the trial judge stated that he concluded that she was the "ring leader" in this case because of her hate and animosity arising from this prior family relationship.
The court further noted that defendant had pled guilty to a lesser offense than originally charged. The court recognized that defendant's incarceration would be a severe hardship on her minor children, but felt it would not do justice by punishing her husband while allowing her to have her freedom. The court found that going to burglarize a home the day after someone had died was "a pretty low blow," and reiterated its earlier finding that by burglarizing a house where the victims knew the perpetrators and cutting the telephone lines, the defendants intended to harm the occupants.
*194 Patricia Cox admitted to investigators that she planned the crime and later convinced her husband and Bruce Tucker to take the money. While she claimed she initially planned to scare Mrs. Holloway, the trial court rejected this notion based on the circumstances of the crime. Given the likelihood that the victims could have been hurt or killed during the burglary, the trial judge found the circumstances sufficiently aggravating as to warrant a jail sentence for Patricia Cox rather than a probated sentence. A trial court is not required to render a suspended sentence or probation on a first felony offense, but may consider whatever factors and evidence are deemed important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983).
Our review of the record indicates that the trial court adequately considered the guidelines of LSA-C.Cr.P. Art. 894.1 and articulated its reasons for imposing sentence on this defendants. Patricia Cox' sentence of six years at hard labor was one-half the statutory maximum and she received no fine. Considering her role as the conceiver of the crime and her active participation in the commission of it, the sentence is neither constitutionally excessive nor an abuse of the district court's discretion. Accordingly, the assignment of error is without merit.

ERROR PATENT REVIEW
The court noted that the PSI report for Patricia Cox showed she had been in jail for one day before making bond. In imposing sentence the court shall give the defendant credit toward service of her sentence for time spent in actual custody prior to the imposition of sentence. LSA-C.Cr.P. Art. 880. Failure to do so is error patent. State v. Allen, 571 So.2d 758 (La.App. 2d Cir.1990). The sentence should be amended to reflect credit for the time served. State v. Hughes, 587 So.2d 31 (La.App. 2d Cir.1991).
LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows that the court did not so inform either defendant. This defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or remand the case for resentencing. LSA-C.Cr.P. Art. 921. The three-year prescriptive period does not begin to run until the judgment is final under LSA-C.Cr.P. Art. 914 or 922, so prescription is not yet running. Apparently, the purpose of the notice of Art. 930.8(C) is to inform defendants of the prescriptive period in advance; thus the district court should be directed to inform the defendants of the provisions of Art. 930.8 by sending appropriate written notice to defendants within ten days of the rendition of this opinion and to file written proof that they received the notice in the record of the proceedings.
For the foregoing reasons, the defendants' convictions and sentences are affirmed.
AFFIRMED WITH INSTRUCTIONS.
NOTES
[1] Bruce Tucker was convicted of attempted simple burglary of an inhabited dwelling.
[2] The Felony Sentencing Guidelines promulgated in accordance with LSA-R.S. 15:321, et seq., became effective January 1, 1992. These advisory guidelines are not retroactive, therefore, they are inapplicable to Patricia Cox' sentencing on December 1, 1991.