623 So.2d 207 (1993)
STATE of Louisiana, Appellee,
v.
John Anthony CAROS, Appellant.
No. 24863-KA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1993.
Rehearing Denied September 16, 1993.
*208 Steven A. Hansen, Monroe, and James E. Boren, Baton Rouge, for appellant.
Richard P. Ieyoub, Atty. Gen., Jerry L. Jones, Dist. Atty. and Marcus R. Clark, Asst. Dist. Atty., Monroe, for appellee.
Before MARVIN, SEXTON and STEWART, JJ.
STEWART, Judge.
Defendant, John Caros, a 39-year-old first felony offender, appeals the sentence of five years at hard labor and fine of $1,000 as excessive for his distribution of marijuana conviction. LSA-R.S. 40:967. We affirm.

FACTS
John Caros of Houston, Texas and Sara French of Monroe, Louisiana maintained a personal relationship for several months prior to the fall of 1991. During the same time period, they frequently discussed via long distance telephone their personal relationship and their business relationship in the transportation of illicit drugs. Both used marijuana and considered themselves marijuana dealers.
On December 17, 1991, Metro Narcotics officers in Monroe, Louisiana were alerted by UPS to a package in the shipper's possession which apparently contained marijuana. The package was addressed to Sara French and had a return address for Ron Regan in Houston, Texas. The package had become damaged during shipping and following company policy, UPS personnel had opened the package to assess damage and discovered two pounds of marijuana.
A search warrant was issued for the home of Sara French at the delivery address and she and Larry French were subsequently *209 arrested. Sara French indicated that Caros had shipped the marijuana to her at her request and that she had agreed to send Caros the money for the contraband after resale in the Monroe area. She further stated that she had previously received a package from Caros containing a pound of marijuana.
To confirm this information, Metro Narcotics subsequently monitored a conversation between French and Caros. Caros made incriminating statements during this conversation by admitting to sending the marijuana and stating that French owed him money.
French agreed to assist Metro Narcotics officers by calling defendant and having him bring three pounds of marijuana to Monroe. The defendant agreed to come but expressed reservations about bringing the drug with him on the airplane. He finally agreed to bring some marijuana hidden in his shoe and to ship the rest by UPS. French instructed Caros to ship the marijuana to 4341 Cypress Ave. She told him this was the address of a cooperative neighbor. Unaware that the shipping address was actually that of Metro Narcotics Headquarters, Caros agreed to ship the marijuana as instructed.
Caros was met at the Monroe Airport by Metro Narcotics officers on January 21, 1992. He was taken to their headquarters where he was arrested and advised of his Miranda rights. Upon waiving his Miranda rights, Caros admitted to sending the marijuana to French by UPS. He then turned over to police a small amount of marijuana carried on his person. He refused to identify his supplier.
On January 15, 1992, Caros was charged by bill of information with distribution of marijuana and conspiracy to distribute marijuana. Pursuant to a plea agreement, defendant pled guilty to distribution of marijuana with the state agreeing to dismiss the charge of conspiracy to distribute marijuana and all other charges arising through the instant offense.
On September 16, 1992, Caros was sentenced to five years at hard labor and fined $1,000 (or 300 hours community service in default thereof). A motion to reconsider sentence was filed in accordance with LSA-C.Cr.P. Art. 881.1 on September 18, 1992. The grounds raised were essentially a list of mitigating factors (defendant's medical problems, dependents, and employment), which Caros contended were reasons for leniency. The trial court denied the motion.
With leave of this court, Caros has supplemented the appellate record with full transcripts of the recorded conversations between him and French. Caros argues that the trial court erroneously relied on summaries of the conversations which incorrectly portrayed his criminal culpability. He contends in essence, that by relying on the inaccurate transcript summaries, the trial court committed reversible error in failing to give him a probated sentence.
Defendant now appeals the sentence as excessive.

DISCUSSION
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (1988); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988).
Marijuana is classified as a Schedule I controlled dangerous substance. LSA-R.S. 40:964 C(22). The penalty for the crime of distribution of marijuana is set forth in LSA-R.S. 40:966 B(2):
(2) Any other controlled dangerous substance classified in Schedule I, shall upon conviction be sentenced a term of imprisonment at hard labor for not less than five years nor more than thirty years and pay a fine of not more than fifteen thousand dollars. [Emphasis added.]
Caros argues that under the Louisiana Sentencing Guidelines, he was subject to a discretionary range of 18-36 months of incarceration (grid level 4-G). However, section 211 of the sentencing guidelines provides:
If an offender has been convicted of an offense for which a mandatory term of imprisonment must be imposed which exceeds *210 the maximum duration provided in the designated sentence range for that offense, the court should impose the minimum sentence required by law to be served in the manner required by law unless aggravating circumstances justify imposition of a more severe sentence.
Section 201 of the sentencing guidelines states that use of mandatory minimum sentences should be determined through the procedures set forth in the guidelines or as otherwise provided by law.
Caros argues first that the imposed sentence is excessive because the trial court refused to give him probation or a suspended sentence. A defendant such as Caros, who was sentenced under the sentencing guidelines grid level 4-G, would be subject to a designated sentence range of 135-90 in intermediate sanction units. Intermediate sanction units include probation. See Louisiana Sentencing Guidelines § 403C.
The five-year minimum sentence set forth by statute for the instant offense is not required to be imposed without benefit of parole, probation or suspension of sentence. LSA-R.S. 40:966 B(2).
Section 207C describes the region of the grid in which cell 4-G is located as a "discretionary sanction zone" in which the court is to consider "whether the offender should be sentenced to incarceration, to an intermediate sanction, or to a combination of the two, depending upon the circumstances of the particular case."
While considering the intermediate sanction of probation, the trial court took particular note that Caros' parents are elderly and ill and that his incarceration would be a hardship on his daughter who depends on Caros for support. Defense counsel emphasized to the court Caros' apparently long record of self-employment as an electrician in the air conditioning and heating business. After weighing all of the aggravating and mitigating circumstances presented, the trial court stated that it had "determined a probated sentence is not justified under the circumstances" of this case.
A trial court is not required to render a suspended sentence or probation on a first felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and Caros. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir. 1984); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.), writ denied, 435 So.2d 438 (1983).
Once the trial court made the determination that incarceration was appropriate, it properly imposed the minimum incarceration time set forth by statute. See LSA-R.S. 40:966 B(2); Louisiana Sentencing Guidelines § 211. The trial court therefore acted properly in sentencing Caros to five years rather than sentencing him within the sentencing range provided by the grid calculation.
Caros argues five years is an excessive penalty and he cites several cases where similar defendants committed similar offenses and received less time. In 1987, LSA-R.S. 40:966 B(2) was amended to specify a five year minimum term of imprisonment. The cases cited by Caros as support for this contention are all based upon the pre-1987 amendment language of the statute, which did not specify a minimum term of imprisonment. Caros was convicted and sentenced after the 1987 amendment, therefore the minimum term of imprisonment which the trial court could impose was five years.
In the instant case, the trial court considered (1) the quantity of marijuana which Caros was attempting to sell; (2) his previous shipping of quantities of marijuana from Texas to the Monroe area via UPS; (3) the seriousness of the offense and its potential harm to the community; (4) defendant's cavalier attitude in committing the offense; (5) his age; (6) and the court's determination that there was an undue risk that, if given a suspended sentence, Caros would be likely to commit another crime.
Caros contends that the trial court's factual basis for denying him probation is refuted by the complete transcripts of his conversations with French. Simply put, he urges that the conversations reveal his true status as a naive accomplice to French, the mastermind of their interstate drug shipments. The transcripts reveal only minor errors by the trial court about details in Caros' background, *211 however, they vividly depict him as a willing purveyor and user of illicit drugs. The following quotation from the transcripts typify the basis for the trial court's factual findings and sentence:
SF [Sara French]: Well, I thought maybe you could put like .. uh .. you know, to have some when we get off the plane to smoke or something, you know.
JC [John Caros]: That .. that I would bring in my shoe.
SF: Okay.
JC: Cause something that ... don't get me wrong ... oh, don't get me wrong .. I've even taken pot to inaudible you know, a quarter ounce or something ..
SF: Mmhmm.
JC: ... that doesn't bother me .. I've taken up to .. naah, about a ½ ounce is the most I ever carry ... that doesn't bother me because if something happens on that, its no big deal.

SF: Uh huh ... right .. right .. because you've just got a small amount on you.
JC: Uh huh.

CONCLUSION
A five-year sentence without probation or suspended sentence for distribution of marijuana is neither unduly excessive nor an abuse of judicial discretion. See State v. Pattillo, 534 So.2d 65 (La.App. 3d Cir.1988); and State v. Aspin, 449 So.2d 49 (La.App. 1st Cir.1984).
The trial judge did not abuse his discretion in refusing to give Caros a suspended sentence or probation and imposing the sentence of five years at hard labor. The sentence is not unduly excessive and is affirmed.
LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing the trial court shall inform Caros of the prescriptive period for post-conviction relief (PCR). The record shows the court did not so inform defendant. This defect has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for resentencing. LSA-C.Cr.P. Art. 921. The district court is directed to give defendant written notice of the prescriptive period for applying for PCR within ten days of the rendition of this opinion and to file defendant's receipt of such notice in the record of the proceedings. State v. Scott, 600 So.2d 756 (La.App. 2d Cir.1992).
We have examined the record for error patent and found none. The conviction and sentence are affirmed.
AFFIRMED.

APPLICATION FOR REHEARING
Before MARVIN, SEXTON, NORRIS, BROWN and STEWART, JJ.
Rehearing denied.