624 So.2d 32 (1993)
STATE of Louisiana, Plaintiff-Appellee,
v.
Lorenzo Webb FORD, Defendant-Appellant.
No. 25309-KA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1993.
Rehearing Denied October 21, 1993.
*33 James D. Sparks, Jr., Monroe, for defendant-appellant.
Jimmy D. White, Asst. Dist. Atty., Monroe, for plaintiff-appellee.
Before NORRIS, HIGHTOWER and WILLIAMS, JJ.
PER CURIAM.
Defendant, Lorenzo Webb Ford, was charged by bill of information with theft of cash valued over $500.00, which he took from his employer, Sears Roebuck and Company, in Monroe, Louisiana. La.R.S. 14:67B(1). Ford, a salesclerk, filled out false merchandise return tickets and retained the refunded cash. The store's security camera recorded at least one of these transactions. Ford later pled guilty to unauthorized use of a movable valued in excess of $1,000.00. La.R.S. 14:68.
Ford appealed his sentence claiming it was excessive. However, this court did not reach the assigned error because we discovered an error patent: the unauthorized use charge was not responsive to the original theft charge. We reversed the conviction and sentence and remanded the case, 599 So.2d 1097.
The district attorney amended the bill of information and Ford pled guilty to unauthorized use of a movable valued over $1,000.00. At the sentencing proceeding, Ford's attorney suggested to the court that the PSI was incorrect in that the prior charges listed were actually misdemeanors, not felonies. The sentencing judge rejected his argument and accepted the PSI at face value because Ford was unable to rebut the report. R.p. 76. The judge imposed a sentence in accordance with the Felony Sentencing Guidelines. He noted that the offense fell within grid cell 7A, which recommends imposing a sentence of 48-36 months or 180-120 intermediate sanction units.
The sentencing judge found that no mitigating or aggravating circumstances were present and sentenced Ford on January 4, 1993 to three years imprisonment at hard labor. Ford timely filed his Motion to Reconsider on February 1, 1993. He did not allege that the grid cell was improper, only that the sentence was excessive for various reasons. The motion was denied. Ford subsequently appealed.
Ford contends inadequate compliance with La.C.Cr.P. art. 894.1. In particular, he urges that the sentence is excessive considering that he is employed, the offense is not a serious felony, he is able to make restitution, and his mother is dependent on him for care. However, his arguments are based on former article 894.1, under which it was necessary to review various factors to determine whether a sentence was excessive. The present law requires only that the court consider the Felony Sentencing Guidelines to determine the appropriate sentence. La.C.Cr.P. 894.-1A; State v. Tracey, 612 So.2d 984 (La. App.2d Cir.1993).
In the present case, the sentencing judge did impose a sentence in accordance with the Sentencing Guidelines. He considered both the PSI and sentence guideline report. Ford's PSI showed four prior felony convictions and four prior misdemeanor convictions. Ford's offense, unauthorized use of a movable valued over $1,000.00, fell within grid cell seven and five points were attributed to his prior offenses, placing his offense in grid cell 7A. This cell recommends a sentence of 48-36 months. The district court sentenced Ford to the lowest term within the grid.
When a judge sentences within the designated sentence range, he need only put on the record the sentence, the proper grid cell for the sentence imposed, and how he determined that the cell was the proper cell to be used. La.S.G. § 201(B) and (C); State v. Barnes, 607 So.2d 872 (La.App.2d Cir. 1992). Thus, the judge's reasons for the *34 sentence, as stated in the record, were adequate.
Ford asserts on appeal that the PSI was incorrect; however, he did not raise this ground in his Motion to Reconsider. La. C.Cr.P. art. 881.1D states that failure to include a specific ground upon which a motion to reconsider sentence may be based shall preclude the defendant from urging such ground on appeal. Therefore, Ford's argument is not properly before this court and will not be considered.
Ford next argues that the court erred when it refused to consider home incarceration. We do not find that the district court abused its discretion in denying home incarceration.
When an offense falls within the Intermediary Sanction Zone of the Felony Sentencing Guidelines Grid, the court should impose a sanction other than prison incarceration. Home incarceration would be an optional intermediary sanction; however, Ford's case did not fall within this zone. It fell within the Discretionary Sanction Zone. La.S.G. § 207.
The discretionary zone allows the court to consider whether the offender should be sentenced to incarceration, an intermediate sanction, or a combination of the two, depending on the circumstances of the particular case. Based on its review of Ford's PSI and the letters in evidence, the district court stated on the record that this was a typical case with no mitigating factors present. The court did not consider home incarceration appropriate for Ford. The decision not to impose intermediary sanctions, like the decision not to grant a suspended sentence, is within the district court's broad discretion. State v. McKethan, 459 So.2d 72 (La.App.2d Cir.1984). We perceive no abuse of discretion here.
Finally, Ford asserts that the district court erred in denying an evidentiary hearing on the Motion to Reconsider. There is no record evidence that Ford requested such a hearing and La.C.Cr.P. art. 881.1C specifically states that the district court may deny a motion to reconsider sentence without a contradictory hearing.
An error patent review discloses that the judge did not inform Ford of the prescriptive period for post conviction relief. La. C.Cr.P. art. 930.8. Instead, he requested that Ford's counsel inform him. Ford was present at the sentencing proceedings and it appears from the record of these proceedings that Ford's counsel explained the prescriptive period to him. In order to assure adequate compliance with article 930.8, we direct the district court to give Ford written notice of the prescriptive period for applying for PCR within 10 days of the rendition of this opinion and to file Ford's receipt of such notice in the record of the proceedings. State v. Powell, 598 So.2d 454 (La.App.2d Cir.), writ denied 605 So.2d 1089 (1992).
CONVICTION AND SENTENCE AFFIRMED.

APPLICATION FOR REHEARING
Before MARVIN, SEXTON, NORRIS, HIGHTOWER and WILLIAMS, JJ.
Rehearing denied.