626 So.2d 778 (1993)
STATE of Louisiana, Appellee,
v.
Clarence Andre GLADNEY, Appellant.
No. 25335-KA.
Court of Appeal of Louisiana, Second Circuit.
October 27, 1993.
Indigent Defender Bd. by Ford E. Stinson, Jr., Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, James M. Bullers, Dist. Atty., J. Spencer Hays, Asst. Dist. Atty., Benton, for appellee.
Before LINDSAY, HIGHTOWER and BROWN, JJ.
LINDSAY, Judge.
The defendant, Clarence Andre Gladney, pled guilty to one count of possession of cocaine with intent to distribute, in violation of LSA-R.S. 40:967. He was sentenced to serve 140 months at hard labor. The defendant appeals his sentence as excessive. We affirm.

*779 FACTS

On January 23, 1991, the defendant was apprehended by Bossier City police officers with 77 small zip-lock baggies of cocaine in his possession. Additionally, he was carrying $550 in cash, a beeper, and a razor. The defendant was arrested and charged with possession of cocaine with intent to distribute.
On September 21, 1992, the defendant pled guilty as charged. On February 23, 1993, he was sentenced under the Louisiana Sentencing Guidelines to 140 months at hard labor, to be served consecutively with any other sentence. Defense counsel made an oral motion for reconsideration of the sentence on the grounds that it was excessive. The motion was denied.
The defendant appealed his sentence as excessive.

EXCESSIVE SENTENCE
The pre-sentence investigation (PSI) report indicated that the 22-year-old defendant had a juvenile record. Additionally, he had two felony convictions for aggravated battery as an adult; both offenses involved shootings. Consequently, the trial court found that the defendant fell into grid cell classification 3A, which recommends 120 to 144 months of incarceration. The sentence imposed, 140 months at hard labor, was within the range recommended by the sentencing guidelines.
By merely alleging the excessiveness of his sentence in his motion for reconsideration, the defendant is "simply relegated to having the appellate court consider the bare claim of excessiveness." State v. Mims, 619 So.2d 1059 (La.1993). This bare claim preserves only a claim of unconstitutional excessiveness. Mims, supra.
We note that Mims was a case involving a substantial upward departure from the sentencing guidelines grid for the applicable crime. The defendant had filed a motion for reconsideration under LSA-C.Cr.P. Art. 881.1 which simply alleged excessiveness; the Supreme Court ruled that such an allegation in a motion for reconsideration preserved the defendant's right to have his upward-departure sentence reviewed for excessiveness. However, when a sentence has been imposed within the designated sentence range of the appropriate grid cell, nothing is presented for review because the sentence is appropriate for an offender with that criminal history and it will not be deemed excessive under the Louisiana Constitution. See State v. Barnes, 607 So.2d 872 (La.App. 2d Cir.1992); State v. Essex, 618 So.2d 574 (La.App. 2d Cir.1993); State v. McEachern, 624 So.2d 43 (La.App. 2d Cir. 1993); La.S.G. § 201(C).

ERROR PATENT
An error patent review disclosed that the trial court failed to inform the defendant of the prescriptive period for post-conviction relief, as required by LSA-C.Cr.P. Art. 930.8. (Although the minutes stated that the defendant was so informed, the transcript of the sentencing demonstrated that he was not.) However, this defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or to remand the case for resentencing. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992); State v. Cox, 604 So.2d 189 (La. App. 2d Cir.1992); State v. Barnes, supra. We note that the three-year prescriptive period does not begin to run until the judgment is final under LSA-C.Cr.P. Art. 914 or 922; thus, prescription has not yet begun to run in the present case. Mock, supra; Cox, supra.

CONCLUSION
The defendant's conviction and sentence are affirmed. The trial court is ordered to send written notice to defendant of the prescriptive period for post-conviction relief, within 10 days of the rendition of this opinion, and to file written proof in the record that the defendant received such notice.
AFFIRMED.
BROWN, J., concurs with written reasons.
BROWN, Judge, concurring.
I concur in the results because I do not find that the sentence in this case is grossly out of proportion to the seriousness of the *780 offense. It does not shock a sense of justice and is not constitutionally excessive.
I suggest, however, that the majority's analysis is incorrect. The majority found that because the sentence imposed was within the designated range recommended by the felony sentencing guidelines (FSG) that "nothing is presented for review." A strong factor indicating that a sentence is not constitutionally excessive is that it falls within the range recommended by the FSG; however, it is only a factor and not the standard of review. After remand from the supreme court, State v. Mims, 619 So.2d 1059 (La. 1993), we set forth the standard of review for considering the "bare claim" of constitutional excessiveness in State v. Mims, 626 So.2d 856 (La.App. 2d Cir.1993). See also State v. Green, 626 So.2d 790 (La.App. 2d Cir.1993), where the sentence was within the range proposed by the FSG. In Mims we stated:
A sentence is constitutionally excessive in violation of the Louisiana Constitution if the sentence is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied, 438 So.2d 1112 (La.1983).
The range recommended by the FSG represents the view of a committee. Their opinion is important but is not a substitute for our review responsibility under the constitution. Further, there is nothing in the Supreme Court's opinion in Mims, supra, to suggest that its application was limited only to upward departure sentences. That limitation has been imposed by the majority's opinion and strips Mims of its import.