BROWN, Judge.
Although charged with first degree robbery, defendant, Roosevelt Green, pled guilty to a reduced charge of simple robbery. The plea significantly decreased his sentencing exposure. After determining that the sentencing guidelines placed defendant within the grid cell 3-E, which recommended incarceration of four to five years (48 to 60 months), the trial court imposed a five-year hard labor sentence to run consecutively with any sentence he was currently serving and allowed credit for time served. Defense counsel filed a motion to reconsider the sentence, asking that a lesser sentence be imposed. The trial court denied the motion and the defendant appeals, contending that his sentence is constitutionally excessive. Finding no merit to defendant’s assignment of error, the conviction and sentence are affirmed.
On March 20, 1992, Green entered the EZ Mart on Highway 157 in Springhill, Louisiana. Upon entering, Green walked to the coffee pot and poured himself a cup. After asking the attendant the price of the coffee, Green put his hands in his pockets and said, “Lady, do you feel like dying tonight.” He ordered the attendant to give him the money from the cash register and she complied. Green then told her to “forget my face” and exited the store. The attendant reported the incident to the police and Green was apprehended shortly thereafter walking down Highway 157.
Green was a 37-year-old second felony offender. In 1991, Green was arrested in Claiborne Parish for unauthorized entry of an inhabited dwelling. Five days after his plea in the case sub judice, defendant pled guilty to the Claiborne charge and, according to Green, was sentenced to five years at hard labor. (The PSI shows only the guilty plea on the Claiborne charge). Additionally, Green was convicted in 1978, in Nevada for the taking of an automobile without consent and was placed on probation.
Green, who was an associate minister, eloquently commented on the crime in a letter to the sentencing judge:
First of all Judge Drew, I greet you in the name of the lord, hoping that you are in the best of health at this time. Now to get to what I am addressing you about concerning the night of the incident that took place. I ask that you consider that something had been slipped into my system and I wasn’t in my right mind. I do not believe in taking those things that are not rightfully mine. I came from the background that you should work for what you want out of life and I have yet to want something so bad that it would cause me to rob, steal, or kill for it. So, please remember in the closing of this letter that I was under the influence of drugs and not in my right mind. When the policeman stopped *792 me I had come to myself and was returning the money. I ask that you would have compassion and understanding in your sentence of me.
Because defendant in his motion to reconsider sought only a lesser sentence, we are relegated to a review of “the bare claim of excessiveness.” State v. Mims, 619 So.2d 1059 (La.1993). In exercising our appellate review, we are cognizant of the trial court’s unique and advantageous position to observe the defendant, evaluate the circumstances of the crime and judge the impact on the community. State v. Owens, 606 So.2d 876 (La. App. 2d Cir.1992). We also recognize the wide discretion of the trial court in imposing a sentence and reaffirm the principle that a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of that discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Norrell, 614 So.2d 755 (La.App. 2d Cir.1993); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988).
As originally charged, Green faced not less than three nor more than forty years at hard labor without the benefit of parole, probation or suspension of sentence. Green reduced his potential sentence to a maximum of seven years through his plea agreement. Considering that Green was a second felony offender, the benefits from this plea bargain and that the sentence was within the range recommended by the Felony Sentencing Guidelines, we can not find the sentence imposed constitutionally excessive. Thus, we affirm the conviction and sentence.

ERRORS PATENT

We have reviewed the record for errors patent pursuant to LSA-CvCr.P. Art. 920(2) and have found none.

CONCLUSION

We find that the sentence is not constitutionally excessive. For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.