JjDOUCET, Judge.
On June 1, 1993, a bill of information was filed charging the defendant, Mario L. Humphrey, with simple burglary, in violation of La.R.S. 14:62. On June 22, 1993, the defendant pled guilty to said charge, and stated he was in fact guilty. On August 17, 1993, the defendant was sentenced to six years at hard labor. On August 31, 1993, the defendant’s motion to reconsider sentence was denied by the trial judge. The defendant appeals his sentence contending his sentence is excessive.

FACTS

On or about April 12, 1993, in Catahoula Parish, the defendant committed simple burglary upon the property of Bruce Edmonds. The total property loss amounted to $300.00, including cash, a purse, and new lock replacements.

JzERRORS PATENT

A review of the record in accordance with La.C.Cr.P. art. 920, reveals one error patent involving credit for time served.
*699 La.C.Cr.P. art. 880 provides that when imposing sentence the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so. Accordingly, this court amends the sentence to reflect that the defendant is given credit for time served prior to the execution of the sentence. See La.C.Cr.P. art. 882(A). Resentencing is not required; however, we remand this case and order the district court to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. State v. Jones, 607 So.2d 828 (La.App. 1 Cir.1992).

ASSIGNMENT OF ERROR

The defendant contends the sentence imposed is excessive.
The Department of Probation and Parole calculated the defendant’s criminal history index to be “4B.” See La.S.G.R. p. 1. The defendant does not contest this calculation. Based upon the information contained in the Sentencing Guidelines Report, “4B” is the correct criminal history index. “4B” provides for a sentencing range from 66-84 months (5.6 7.0) years) of incarceration or 140-210 sanction units, and falls within the discretionary sanction zone.
The statutory sentence for simple burglary is a fíne of not more than $2,000.00, imprisonment with or without hard labor for not more than twelve years, or both. La.R.S. 14:62.
In the present case, the defendant received six years at hard labor. La.C.Cr.P. art. 894.1 requires the court to consider the sentencing guidelines in determining the appropriate | .^sentence. In the ease at bar, the trial judge referred to the appropriate grid cell, and the sentence imposed falls well within this grid cell. Although the trial judge did not mention any possible aggravating or mitigating factors, he did not depart from the recommended sentence under the guidelines. In such a situation we agree with our brethren of the Second Circuit where in State v. Ford, 624 So.2d 32 (La.App. 2 Cir.1993), they stated:
When a judge sentences within the designated sentence range, he need only put on the record the sentence, the proper grid cell for the sentence imposed, and how he determined that the cell was the proper cell to be used. La.S.G. § 201(B) and (C); State v. Barnes, 607 So.2d 872 (La.App.2d Cir.1992).
Although the trial judge did not state orally for the record how he determined the proper grid square, the record contains defendant’s completed “Louisiana Sentencing Commission Sentencing Guideline Report” which, along with the Presentenee Investigation/Senteneing Guidelines Addendum, contains all necessary information necessary to calculate the sentencing grid. See State v. Barnes, supra. As defendant’s sentence is well within the appropriate grid square, this court will not disturb defendant’s sentence.

CONCLUSION

Accordingly, for the reasons stated, the defendant’s sentence is affirmed. The ease is remanded to the trial court which is ordered to amend the commitment and minute entry of the sentence tp reflect that the defendant is given credit for time served.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED; REMANDED WITH INSTRUCTIONS.