641 So.2d 730 (1994)
STATE of Louisiana, Appellee,
v.
Darryl GOODJOINT, Appellant.
No. 26,246-KA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1994.
Peggy L. Sullivan, W. Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., Jimmy D. White, Asst. Dist. Atty., Monroe, for appellee.
Before MARVIN, LINDSAY and WILLIAMS, JJ.
LINDSAY, Judge.
The defendant, Darryl Goodjoint, was originally charged with possession of cocaine with intent to distribute, in violation of LSA-R.S. 40:967(A)(1). He pled guilty to possession of cocaine, in violation of LSA-R.S. 40:967(C). The trial court sentenced him to two years at hard labor. The defendant appealed, claiming that his sentence is excessive. We amend the defendant's sentence, and, as amended, affirm.

FACTS
On July 16, 1993, police officers observed the defendant driving in such a reckless manner that he almost struck a bystander. Whereupon, the defendant was arrested. A search of the defendant revealed a matchbox containing 12 rocks of crack cocaine.
The defendant was originally charged with possession of cocaine with intent to distribute. However, he was allowed to plead guilty to possession of cocaine. In imposing sentence upon the 22-year-old defendant, the trial court found that, due to his extensive misdemeanor record, a probated sentence *731 was not warranted. The trial court further found that the defendant fell within grid cell 5-E of the Louisiana Sentencing Guidelines, which provided for a sentencing range of 18 to 30 months and fell within the discretionary sanction zone. The trial court sentenced the defendant to imprisonment at hard labor for a term of two years.
The defendant filed a motion to reconsider sentence in which he contended that the sentence was excessive for a first felony offender. The motion was denied.
The defendant appealed, contending that the trial court erred in imposing an excessive sentence. Specifically, the defendant maintains that the trial court should have placed him on probation.

LAW
When a sentence has been imposed within the designated sentence range of the appropriate grid cell, nothing is presented for review because the sentence is appropriate for an offender with that criminal history and it will not be deemed excessive under the Louisiana Constitution. State v. Barnes, 607 So.2d 872 (La.App. 2d Cir.1992); State v. Essex, 618 So.2d 574 (La.App. 2d Cir.1993); State v. McEachern, 624 So.2d 43 (La.App. 2d Cir.1993); State v. Gladney, 626 So.2d 778 (La.App. 2d Cir.1993); La.S.G. § 201(C).
A trial court is not required to render a suspended sentence or probation on a first felony offense. State v. Caros, 623 So.2d 207 (La.App. 2d Cir.1993), writ denied, 629 So.2d 1130 (La.1993). Neither is the trial court required to impose probation for offenses falling in the discretionary sanction zone of the guidelines. See State v. Ford, 624 So.2d 32 (La.App. 2d Cir.1993).

DISCUSSION
The two-year sentence imposed upon the defendant was within the sentencing range of the grid cell which the trial court found to be applicable. Therefore, the sentence is not excessive. Furthermore, the trial court was well within its discretion in refusing to place the defendant on probation, particularly in view of the defendant's failure to benefit from leniency shown to him in his prior experiences with the judicial system.
This assignment of error is without merit.

CREDIT FOR TIME SERVED
The defendant also contends that the trial court erred in failing to give him credit for time served under the mandatory provisions of LSA-C.Cr.P. Art. 880. The presentence investigation (PSI) report demonstrated that the defendant had been incarcerated since his arrest for the present offense on July 16, 1993. However, the report also showed that the defendant's previous probation for possession of marijuana was revoked on August 4, 1993. He was sentenced for the present offense on November 5, 1993.
The defendant is entitled to credit for time served against the sentence for the present offense if the time he served before the imposition of this sentence has not been credited against any other sentence. See State v. Jackson, 582 So.2d 915 (La.App. 2d Cir.1991).
Accordingly, the defendant's sentence will be amended to allow him credit for time served that has not been credited against any other sentence.

CONCLUSION
The defendant's sentence is amended to give him credit for time served that has not been credited against any other sentence. In all other respects, the defendant's conviction and sentence are affirmed.
AMENDED AND, AS AMENDED, AFFIRMED.