647 So.2d 427 (1994)
STATE of Louisiana, Appellee,
v.
William FERRELL, Jr., Appellant.
No. 26,649-KA.
Court of Appeal of Louisiana, Second Circuit.
December 7, 1994.
Indigent Defender Bd. by Charles Smith, Wm. Rick Warren, Minden, for appellant.
Richard Ieyoub, Atty. Gen., James M. Bullers, Dist. Atty., L. Charles Minifield, Whitley Graves, Asst. Dist. Attys., for appellee.
Before MARVIN, NORRIS and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, William Ferrell, Jr., was originally charged with aggravated battery, in violation of LSA-R.S. 14:34. He pled guilty to second degree battery, in violation of LSA-R.S. 14:34.1. The trial court sentenced the defendant to a term of imprisonment of 54 months at hard labor, with credit for time served. The defendant appealed, contending that his sentence is excessive. For the reasons assigned below, we affirm.

FACTS
On about a dozen occasions, the female victim sought help from the police to keep the defendant away from her. However, on September 27, 1993, the defendant broke into the victim's Minden home and stabbed her 10 times. As a result of the attack, the uninsured victim incurred more than $2,000 in medical bills which were still unpaid at the time the defendant was sentenced.
The defendant was charged with aggravated battery. However, he was allowed to plead guilty to an amended charge of second degree battery. The trial court ordered a pre-sentence investigation (PSI) report.
On March 28, 1994, the defendant appeared for sentencing. The trial court found that the defendant fell into Grid 3F of the Louisiana Sentencing Guidelines, which provided *428 for a minimum sentence of 36 months and a maximum sentence of 54 months. The court sentenced the defendant to the maximum grid cell term of imprisonment, or 54 months at hard labor, with credit for time served. The defendant filed a motion for reconsideration of sentence, which was denied.
The defendant appealed, contending that the trial court erred in imposing an excessive sentence. He argues that, not only was a lesser sentence warranted, but he should have received probation.

LAW
When a sentence has been imposed within the designated sentence range of the appropriate grid cell, nothing is presented for review because the sentence is appropriate for an offender with that criminal history, and it will not be deemed excessive under the Louisiana Constitution. State v. Barnes, 607 So.2d 872 (La.App. 2d Cir.1992); State v. Essex, 618 So.2d 574 (La.App. 2d Cir.1993); State v. McEachern, 624 So.2d 43 (La.App. 2d Cir.1993); State v. Gladney, 626 So.2d 778 (La.App. 2d Cir.1993); State v. Goodjoint, 26,246 (La.App. 2d Cir. 8/17/94) 641 So.2d 730; La.S.G. § 201(C).
A trial court is not required to render a suspended sentence or probation on a first felony offense. State v. Caros, 623 So.2d 207 (La.App. 2d Cir.1993), writ denied, 629 So.2d 1130 (La.1993). Neither is the trial court required to impose probation for offenses falling in the discretionary sanction zone of the guidelines. State v. Goodjoint, supra.

DISCUSSION
The sentence of 54 months imposed upon the defendant was within the sentencing range of the appropriate grid cell. Consequently, the sentence was not excessive. Additionally, the trial court was well within its discretion in declining to place the defendant on probation, particularly in view of the violent nature of the crime and the defendant's past history of harassing the victim.

ERROR PATENT
An error patent review disclosed that the trial court failed to inform the defendant of the prescriptive period for post-conviction relief, as required by LSA-C.Cr.P. Art. 930.8. However, this defect has no bearing on whether the sentence is excessive and thus is not grounds to reverse the sentence or to remand the case for resentencing. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992); State v. Cox, 604 So.2d 189 (La. App. 2d Cir.1992); State v. Gladney, supra.

CONCLUSION
The defendant's conviction and sentence are affirmed. The trial court is ordered to send written notice to defendant of the prescriptive period for post-conviction relief, within 10 days of the rendition of this opinion, and to file written proof in the record that the defendant received such notice.
AFFIRMED.