926 So.2d 803 (2006)
STATE of Louisiana, Appellee,
v.
Mondoira REED, Appellant.
No. 40,975-KA.
Court of Appeal of Louisiana, Second Circuit.
April 12, 2006.
*804 Louisiana Appellate Project by Paula C. Marx, for Appellant.
Jerry L. Jones, District Attorney, Stephen T. Sylvester, Assistant District Attorney, for Appellee.
Before GASKINS, CARAWAY & PEATROSS, JJ.
PEATROSS, J.
Defendant, Mondoira Reed, was charged by bill of information with aggravated burglary. The State agreed to dismiss the additional charge of possession of marijuana in exchange for Defendant's guilty plea to unauthorized entry of an inhabited dwelling. Defendant so pled and was sentenced to four years at hard labor without the benefit of probation, parole or suspension of sentence. The court also ordered Defendant to pay a $200 fine, with 60 days to be served in default of payment or 40 hours community service.[1] Defendant appeals his sentence as excessive. For the reasons stated herein, we amend Defendant's sentence and, as amended, affirm.

DISCUSSION
The record shows that, on October 30, 2004, Defendant kicked the front door of his girlfriend's home, forcing his way into the home. Defendant chased the victim to her bedroom and struck her on the back of the head causing a small knot. *805 The girlfriend called the police and reported the incident and Defendant was arrested soon thereafter. The girlfriend later requested that the charges against Defendant be dropped. The State refused and Defendant accepted a plea bargain as described above, with no agreed-upon sentence. As previously stated, Defendant received a sentence of four years at hard labor without the benefit of probation, parole or suspension of sentence. He now appeals, asserting that his sentence is excessive and that the trial court did not adequately consider the sentencing factors in La. C. Cr. P. art. 894.1.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with article 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. A defendant's reduction in sentencing exposure through plea bargaining is a valid consideration in sentencing if the lesser offense does not adequately describe the defendant's conduct. State v. Lanclos, supra.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
Prior to imposing the sentence, the court discussed several factors which were listed in the pre-sentence investigation report. The court stated that Defendant is a third-felony offender who has been convicted of two counts of simple burglary, felony theft, simple assault, criminal damage to property and violation of a protective order. The court also stated that it had considered the victim's statement, Defendant's statement and the statement of Defendant's teacher/tutor. In mitigation, the court also considered Defendant's diminished mental capacity.
Responding to the sentencing guidelines, the court found that, as an aggravating factor, Defendant committed a violent offense. The court also recognized that Defendant pled guilty to a lesser offense and found that any lesser sentence would be inconsistent with Defendant's conduct and criminal history.
Unauthorized entry of an inhabited dwelling carries a penalty of imprisonment, with or without hard labor, for not *806 more than six years, a fine not more than $1000 or both. The trial court imposed a sentence of four years at hard labor without the benefit of probation, parole or suspension of sentence. It also ordered that Defendant pay a $500 fine with 60 days to be served in default of payment or 40 hours of community service. On this record, we do not find constitutional error. In addition to being a third-felony offender, Defendant received substantial benefits as a result of the plea bargain agreement. We do not find that the sentence imposed is grossly disproportionate to the severity of the offense or that it is shocking to our sense of justice.

ERROR PATENT
Our error patent review of the record reveals that the trial court failed to adequately inform Defendant of the time period within which to apply for post-conviction relief, as required by La. C. Cr. P. art. 930.8. The statute contains supplicatory language which does not bestow an enforceable right on an individual defendant. State v. Hunter, 36,692 (La.App.2d Cir.12/20/02), 834 So.2d 6. Furthermore, this defect has no bearing on whether the sentence is excessive and, thus, is not grounds to reverse the sentence or to remand the case for re-sentencing. State v. Ferrell, 26,649 (La.App.2d Cir.12/7/94), 647 So.2d 427. Here, the trial court stated to Defendant:
You do have a right of appeal. You have to file it within thirty days. If you don't, your conviction and sentence become final. And thereafter you have two years to further complain about your conviction and sentence.
The trial court should have advised Defendant, and we now advise him by this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of La. C. Cr. P. arts. 914 or 922.
Additionally, our error patent review discloses that the trial court's order requiring Defendant to serve four years at hard without the benefit of parole is impermissible. La. R.S. 14:62.3 provides that a defendant be imprisoned, with or without hard labor, for not more than six years, a fine not more than $1000 or both. The statute does not authorize the sentence to be served without the benefit of parole. Accordingly, Defendant's sentence is hereby amended to delete the prohibition against parole.

DECREE
For the foregoing reasons, the sentence of Mondoira Reed is amended and, as amended, is affirmed. The statute does not authorize the sentence to be served without the benefit of parole, probation or suspension of sentence. Accordingly, Defendant's sentence is hereby amended to delete these prohibitions.
SENTENCE AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] The trial court sentenced Defendant to imprisonment in default of payment for the fine or, in the alternative, 40 hours of community service. The community service alternative cured the problem in State v. Monson, 576 So.2d 517 (La.1991). It does not present a sentencing problem because it does not require an indigent Defendant to give anything but time.